65 N.J. Super. 249 (1961)
167 A.2d 662
ANGEL M. DIAZ, PETITIONER-RESPONDENT,
v.
NEWARK INDUSTRIAL SPRAYING, INC., RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 11, 1960.
Decided January 30, 1961.
*250 Before Judges PRICE, SULLIVAN and FOLEY.
*251 Mr. Francis H. Pykon argued the cause for petitioner-respondent (Mr. Joseph P. Dunn, attorney).
Mr. Isidor Kalisch argued the cause for respondent-appellant.
The opinion of the court was delivered by FOLEY, J.A.D.
Respondent appeals from a judgment of the County Court affirming a judgment of the Workmen's Compensation Division in favor of petitioner. The factual findings of the County Court are fully set forth in its reported opinion, 60 N.J. Super. 424 (Law Div. 1960). Our review of the record leads us to the same factual findings and we deem it unnecessary to reiterate them herein. We join with the County Court and the Division in concluding that petitioner came to his injuries because of his voluntary participation in the skylarking activity.
The appeal is based entirely on the narrow ground that N.J.S.A. 34:15-7.1 bars from recovery an employee who is injured as a result of horseplay or skylarking, which is instigated by him, or in which he takes part.
In the very recent case of McKenzie v. Brixite Mfg. Co., 34 N.J. 1 (1961), the Supreme Court held expressly to the contrary and in that respect adopted the views expressed by us in the same case, 61 N.J. Super. 461, 467-468 (App. Div. 1960) (reversed on other grounds). This, of course, is dispositive of the appeal sub judice.
Appellant did not raise the question of whether an injury suffered, as here, in the course of a skylarking activity not customary in the work routine, and thus not within the actual or constructive knowledge of the employer, is compensable as an incident of the employment. Compare McKenzie v. Brixite, supra, the rationale of which, on this feature of the case being that where an employee is injured by skylarking, whether he be an instigator thereof, or a participant therein, or not, he is entitled to recover if the practice of such skylarking be known to and acquiesced in by the employer, *252 since such knowledge and acquiescence result in the activity's becoming an incident of the employment. Nor, as distinguished from the McKenzie case, did appellant herein brief the issue as to whether the acts of Diaz constituted a consequential deviation from the duties of the employment and, if so, the relation of such deviation to compensability where the deviation is not a common practice acquiesced in by the employer. See R.R. 1:7-1(c).
Since the announcement of the Supreme Court decision in McKenzie v. Brixite, supra, respondent by memorandum has requested that counsel now be permitted to argue the additional point, first above mentioned. Counsel asserts therein that he urged on the oral argument that there was no proof in the case of a "skylarking custom known to the employer." We have no recollection that such argument was tendered but, if so, it was irrelevant to the statement of question involved on the appeal as set forth in respondent's brief, which, as we have noted, dealt exclusively with the construction of N.J.S.A. 34:15-7.1.
R.R. 1:7-1(c) provides, inter alia, that the brief shall contain "a statement of the questions involved" and that such requirement is "to be considered in the highest degree mandatory, admitting of no exception." Obviously, if this stringent rule is to be enforced, the court must decline to hear argument of a point not included in the statement unless it appears that such action is likely to result in a manifest denial of justice. See R.R. 1:27A. Such is not the case here.
Moreover, the question which counsel now seeks leave to argue is so broadly phrased as to be in conflict with R.R. 1:7-1(c), supra. It is stated as follows:
"That petitioner failed to establish by a preponderance of believable evidence that he suffered an injury arising out of and in the course of his employment."
This extremely broad statement sheds no light whatever on the precise facets of the petitioner's proofs which are challenged, *253 or the respects in which they are deficient. Thus, the proposed "statement of the questions" falls squarely within the interdiction of United Board & Carton Corp. v. Britting, 61 N.J. Super. 340, 342-343 (App. Div. 1960), certification denied 33 N.J. 326 (1960), in which Judge Gaulkin analyzed the requirements of R.R. 1:7-1(c), supra, and R.R. 1:7-1(e) relating to the subdividing of each question "into as many parts as there are points to be argued."
Affirmed.